IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOHN S. VÁZQUEZ-GARCIA,**<br><br>    **Plaintiff,**<br><br>                   **v.**<br><br>**ESTADO LIBRE ASOCIADO DE PUERTO RICO, <u>et al.</u>**<br><br>    **Defendants.** | **CIVIL NO. 16-2040 (PAD)** |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Before the court is defendants' "Motion to Strike and Dismiss," predicated on plaintiff's failure to submit English-language translations of the Petition of Writ of Habeas Corpus. For the reasons that follow, defendants' motion is granted, and the Petition is dismissed.

Plaintiff initiated this action filing a Spanish-language Petition on June 8, 2016 (Docket No. 3). On June 9, 2016, the court ordered plaintiff to file a certified translation in the English language of the Petition, expressly warning that otherwise, it would be stricken from the record (Docket No. 5). To date, plaintiff has failed to comply with the order. Defendants César Miranda-Rodríguez and the Commonwealth of Puerto Rico have requested that the Petition be stricken and the case dismissed (Docket No. 11).

Pursuant to 48 U.S.C. § 864, "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language." Similarly, Local Rule 5(g) requires in part, that "[a]ll documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into

English prepared by an interpreter certified by the Administrative Office of the United States Courts."

The First Circuit requires strict enforcement of the English-language requirement where the untranslated document is key to the outcome of the proceedings. Puerto Ricans for Puerto Rico Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008). As the First Circuit has explained, allowing the outcome to turn on a non-English document would be "at odds with the premise of a unified and integrated federal courts system." Id. Therefore, district courts should not consider such documents. González-De-Blasini v. Family Department, 377 F.3d 81, 89 (1st Cir.2004).

Against this standard, the need for dismissal is apparent. The Petition provides the foundation for the action, subsequent developments, and ultimate disposition. Here, it was filed in Spanish (Docket No. 3). To date, no English-language translation has been submitted. Moreover, plaintiff has not submitted the document as ordered; has not proffered any explanation for his failure to do so; and has not asked for an extension of time to file the required documents. Consequently, in accordance with the order at Docket No. 5, the Spanish language Petition is stricken from the record. There being no Petition, dismissal is warranted.

In view of the foregoing, defendants' "Motion to Strike and Dismiss" (Docket No. 11) is GRANTED and the Petition DISMISSED.

Judgment shall be entered accordingly.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, 11th day of July, 2016.

                                                              s/Pedro A. Delgado-Hernández
                                                              PEDRO A. DELGADO-HERNÁNDEZ
                                                              United States District Judge